1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VALINOR HOLDINGS, LLC,                        No.  2:25-cv-00742-DAD-SCR (PS)

12                  Plaintiff,

13          v.                                       ORDER *SUA SPONTE* REMANDING CASE
                                                     TO SACRAMENTO COUNTY SUPERIOR
14   VIVIAN J. TOLIVER,                              COURT

15                  Defendant.                       (Doc. No. 1)

16

17

18          This is an unlawful detainer action brought under California state law by plaintiff Valinor

19   Holdings, LLC.  On March 4, 2025, defendant, proceeding *pro se*, removed this case to this

     federal court from the Sacramento County Superior Court.[1]  (Doc. No. 1.)  According to
20
     defendant, removal is proper because this action purportedly arises under federal law.  (*Id*. at 3.)
21
            A district court has "a duty to establish subject matter jurisdiction over the removed action
22
     *sua sponte*, whether the parties raised the issue or not."  *United Investors Life Ins. Co. v. Waddell*
23
     *& Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute, 28 U.S.C. § 1441, is
24
     strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*,
25
     599 F.3d 1102, 1107 (9th Cir. 2010).  It is presumed that a case lies outside the limited
26

27   _____

28   [1]  The case number of this action in the Sacramento County Superior Court is 24UD001984.
     (Doc. No. 1 at 8.)

                                                    1

1   jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party

2   asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07. In addition, "the existence

3   of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated

4   defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*,

5   213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction"

6   means that "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip*

7   *Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). That is, federal jurisdiction over a removed

8   case "must be rejected if there is any doubt as to the right of removal in the first instance."

9   *Geographic Expeditions*, 599 F.3d at 1107. "If at any time prior to judgment it appears that the

10  district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c);

11  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c)

12  "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also*

13  *California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears,

14  as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the

15  case shall be remanded." 28 U.S.C. § 1447(c).

16      "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded

17  complaint rule,' which provides that federal jurisdiction exists only when a federal question is

18  presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*,

19  215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838. Under the well-pleaded

20  complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own

21  claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses

22  which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a

23  case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in

24  the plaintiff's complaint and both parties concede that the federal defense is the only question

25  truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Vaden v.*

26  *Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks

27  somewhere inside the parties' controversy, or that a defense or counterclaim would arise under

28  federal law.").

Here, defendant has not shown that removal of this action to this federal court is appropriate. Plaintiff's complaint in this case is a straight-forward unlawful detainer action that is based entirely on state law. (Doc. No. 1 at 8–10.) There is no federal question present in the complaint. (*Id.*) Moreover, even assuming that defendant can assert a federal defense or counterclaim, she cannot use that as the basis for removal because the defensive invocation of federal law cannot form the basis of this court's jurisdiction. *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *California*, 215 F.3d at 1014.

Because there is no federal question appearing in plaintiff's complaint in this case, defendant has failed to properly invoke this court's jurisdiction. Remand of this case to the Sacramento County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c); *Geographic Expeditions*, 559 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

Accordingly,

1.    This action is REMANDED forthwith to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and

2.    The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    **March 5, 2025**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE